UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| WILLIAM E. POE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cv-246 Mattice/Carter |
| BRADLEY COUNTY JAIL, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM

William E. Poe, ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). On November 19, 2010, an order directing Plaintiff to either pay the $350.00 filing fee or submit the necessary documents, i.e., a certified copy of his inmate trust account and a Prisoner Account Statement Certificate, within thirty days from the date of the order was issued and mailed to Plaintiff at the address which he provided to the Court—the Bradley County Jail. The Order was returned to the Court as undeliverable, with the following notation: "R[eturn] t[o] s[ender] not here." (Doc. 4).

Plaintiff has not notified the Court of a current address; thus, preventing the Court from communicating with Plaintiff and preventing Plaintiff from timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to

1

prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* will be **DENIED** (Doc. 1) and this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, *see* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (Doc. 2).

A judgment will enter.

                                                      */s/Harry S. Mattice, Jr.*
                                                      HARRY S. MATTICE, JR.
                                                      UNITED STATES DISTRICT JUDGE